# EXHIBIT 7

EXHIBIT 7

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
1705 E. HANNA RD.
ELOY, AZ 85131

GLUSHCHENKO, EUGENII
ICE, 1705 E. HANNA ROAD
ELOY, AZ 85131

In the matter of          File A ███-460          DATE: Apr 16, 2019
GLUSHCHENKO, EUGENII

___ Unable to forward - No address provided.
_✓_ Attached is a copy of the decision of the Immigration Judge. This decision
is final unless an appeal is filed with the Board of Immigration Appeals
within 30 calendar days of the date of the mailing of this written decision.
See the enclosed forms and instructions for properly preparing your appeal.
Your notice of appeal, attached documents, and fee or fee waiver request
must be mailed to:     Board of Immigration Appeals
                       Office of the Clerk
                       5107 Leesburg Pike, Suite 2000
                       Falls Church, VA 22041

___ Attached is a copy of the decision of the immigration judge as the result
of your Failure to Appear at your scheduled deportation or removal hearing.
This decision is final unless a Motion to Reopen is filed in accordance
with Section 242b(c)(3) of the Immigration and Nationality Act, 8 U.S.C. §
1252b(c)(3) in deportation proceedings or section 240(b)(5)(C), 8 U.S.C. §
1229a(b)(5)(C) in removal proceedings. If you file a motion to reopen, your
motion must be filed with this court:
                       IMMIGRATION COURT
                       1705 E. HANNA RD.
                       ELOY, AZ 85131

___ Attached is a copy of the decision of the immigration judge relating to a
Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. §
1208.31(g)(1), no administrative appeal is available. However, you may file
a petition for review within 30 days with the appropriate Circuit Court of
Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA §242.

___ Attached is a copy of the decision of the immigration judge relating to a
Credible Fear Review. This is a final order. No appeal is available.

___ Other: _____
_____

                                        _____
                                        COURT CLERK
                                        IMMIGRATION COURT                FF

    cc:

# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
### IMMIGRATION COURT
### ELOY, ARIZONA

| | |
|---|---|
| IN THE MATTER OF: | IN REMOVAL PROCEEDINGS |
| GLUSHCHENKO, Eugenii | FILE NO. ███████460 |
| RESPONDENT | DATE: April 16, 2019 |

APPLICATIONS: 

ON BEHALF OF THE RESPONDENT:
*Pro se*, *c/o* Custodial Officer
Eloy Detention Center
1705 East Hanna Road
Eloy, Arizona 85131

ON BEHALF OF THE DEPARTMENT:
Assistant Chief Counsel
U.S. Immigration and Customs Enforcement
1705 East Hanna Road
Eloy, Arizona 85131

## DECISION AND ORDER OF THE IMMIGRATION COURT

### I. PROCEDURAL HISTORY

On October 9, 2018, the Department of Homeland Security ("Department" or "DHS") personally served the above-named respondent with a Notice to Appear (Form I-862), which sets forth the following four factual allegations:

1. [The respondent is] not a citizen or a national of the United States.

2. [The respondent is] a native of Russia and a citizen of Russia.

3. [The respondent] arrived in the United States at or near Lukeville, Arizona, on or about September 1, 2018.

4. [The respondent was] not then admitted or paroled after inspection by an Immigration Officer.

Exh. 1. Based on these allegations, the Department charged the respondent as subject to removal from the United States pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality ("INA"), as an alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General. *See id.* The Department filed the Form I-862 with the Eloy Immigration Court on October 10, 2018,

thereby initiating removal proceedings against the respondent and vesting this Court with jurisdiction. *See id.*; *see also* 8 C.F.R. § 1003.14(a) (2018).

At a hearing on January 18, 2019, the respondent admitted factual allegations one and two and declined to respond to factual allegations three and four. *See* Exh. 1. Upon review of the record evidence, the Court found factual allegations three and four established by the Record of Deportable/Inadmissible Alien (Form I-213). *See* Exh. 2 at 3 (confirming that U.S. Border Patrol encountered the respondent "near mile marker 77 along State Route 85, near Lukeville in the District of Arizona" and that the respondent "admitted to have illegally crossed the international boundary without being inspected by an Immigration Officer."). Based upon the respondent's admissions and the record evidence, the Court sustained the charge of removal under INA § 212(a)(6)(A)(i), by clear and convincing evidence, and directed Russia as the country of removal. *See* INA § 240(c)(1)(A); 8 C.F.R. § 1240.10(c), (f).

On March 12, 2019, the respondent filed an Application ███████ ███████ with the Court. *See* Exh. 3. At an individual hearing on March 25, 2019, the respondent testified in support of his application for relief. On April 1, 2019, the Department filed a notice of cleared biometrics and additional proposed exhibits. *See* Department of Homeland Security's Notice of Cleared Biometrics (Apr. 1, 2019). The respondent subsequently filed additional evidence in support ███████ on April 2, 2019. *See* Respondent's Filing (Apr. 2, 2019). For the reasons set forth below, the respondent's requests ███████ will be denied, and the respondent will be ordered removed to Russia.

## II. SUMMARY OF EVIDENCE

The Court has carefully examined the entire record of proceedings, including exhibits one through five and all witness testimony, even if not specifically referenced herein. *See* 8 C.F.R. § 1240.1(b). The following is a summary of the documentary evidence submitted to the Court, *see infra* Part II(A), and a summary of the respondent's claim, *see infra* Part II(B).

### A. Documentary Evidence

Exhibit 1:   Notice to Appear (Form I-862).

Exhibit 2:   Department's Filing – Proposed Exhibits (Tabs A–E) (Nov. 7, 2018).

Exhibit 3:   ███████

Exhibit 4:   ███████

Exhibit 4A:[1]   Department's Filing – Proposed Exhibits (Tabs A–B) (Mar. 6, 2019).

Exhibit 5:   Respondent's Filing – Proposed Exhibits (Mar. 25, 2019).

Exhibit 6:   Department's Filing – Proposed Exhibits (Tabs A–C) (Apr. 1, 2019).

Exhibit 7:   Respondent's Filing – Proposed Exhibits (Apr. 2, 2019).

---

[1] On March 1, 2019, the Court admitted the ███████ ███████ and marked the form as Exhibit 4. Subsequently, on March 25, 2019, the Court admitted the Department's March 6, 2019 filing and marked it as Exhibit 4. To clarify the record, the Court will refer to the latter filing as Exhibit 4A.

2

GLUSHCHENKO
460





They flew from Russia to Cancún, Mexico, then took a bus to a Mexican village near the United States Border. After arriving in the village, the respondent tried to find an ATM to withdraw cash, but was unable to find one. The respondent claimed they were trying to find help when his navigational device stopped working and they ended up crossing the border into the United States.



### C. BURDEN OF PROOF AND CREDIBILITY

An alien applying for relief or protection from removal bears the burden of proving that he satisfies the applicable eligibility requirements and that he merits relief as a matter of discretion. *See* INA § 240(c)(4)(A); 8 C.F.R. § 1240.8(d); *see also Matter of M-B-C-*, 27 I&N Dec. 31 (BIA 2017). To determine whether an applicant has met his burden of proof, the Court assesses whether the testimony offered in support of the application is credible, persuasive, and fact-specific. *See* INA § 240(c)(4)(B). In making its credibility determination, the Court considers:

> [T]he totality of the circumstances, and all relevant factors . . . [including] the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of



record[,] . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

INA § 240(c)(4)(C). An applicant's testimony alone may be sufficient to meet his burden of proof without corroboration if it is credible, persuasive, and fact-specific. ▮▮▮▮▮ When the Court deems it necessary, corroborating evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain it. *See Matter of S-M-J-*, 21 I&N Dec. 722, 724–26 (BIA 1997); *see also L-A-C-*, 26 I&N Dec. at 518.

Upon review of the totality of the record evidence, the Court finds the respondent not credible. *See* INA § 240(c)(4)(C). ▮▮▮▮▮



The Court also observes that the respondent's testimony was inherently inconsistent, nonresponsive, and overall, in conflict with ███████████████ ████████████.



The Court is also deeply concerned with the respondent's evasive testimony and the demeanor presented throughout the course of his removal proceedings. At his October 24, 2018, the Court asked the respondent to provide his best language, but the respondent was evasive and refused to comply with the Court's multiple requests. At the respondent's reset hearing on October 31, 2018, the respondent identified Russian as his best language. However, the respondent immediately questioned the qualifications and education of the certified Russian interpreter without having been asked any substantive questions. Then, without pausing for the interpreter, the respondent spoke out of turn and declined to follow the Court or the court officer's orders, which resulted in his removal from the courtroom. Despite the respondent's obvious objections to the certified Russian interpreter, the Court highlights that the Immigration Court endeavors to accommodate the language needs of all respondents and witnesses, and that contract interpreters take an oath to interpret and translate accurately in court. *See* 8 C.F.R. § 1003.22; *see also* Immigration Court Practice Manual, Chapter 4.11 (August 2, 2018). The respondent's evasiveness and demeanor before the Court causes the Court to draw a negative inference from the respondent's refusal to cooperate and present his claim for relief. *See Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam); *see also Jin v. Holder*, 748 F.3d 959, 965 (9th Cir. 2014).

Thus, the Court finds that the respondent's conduct and demeanor in removal proceedings significantly undermines his credibility.

Based on the totality of the circumstances and all relevant factors—notably, the respondent's demeanor and his inconsistent, nonresponsive, and unpersuasive in-court testimony—the Court finds that the respondent did not testify credibly.

GLUSHCHENKO
460



GLUSHCHENKO
▮▮▮▮▮460



10

GLUSHCHENKO
460







█████

### VI. CONCLUSION

Based on the totality of the circumstances and all relevant factors, the Court has concluded that the respondent is not credible and that he has not met his burden to establish his eligibility for █████

In light of the foregoing, the following orders shall be entered:

**ORDERS:** █████

**IT IS ORDERED** that the respondent shall be and hereby is ordered **REMOVED** from the United States to **RUSSIA**.

█████

Jennifer I. Gaz
United States Immigration Judge

**Attach:** Appeal Packet.

GLUSHCHENKO
460

**APPEAL RIGHTS:** Both parties have the right to appeal this decision. A notice of appeal must be filed with the Board of Immigration Appeals within thirty (30) calendar days of the issuance date of this decision. *See* 8 C.F.R. § 1003.38(b). If the final date for filing the notice of appeal occurs on a Saturday, Sunday, or legal holiday, the time period for filing will be extended to the next business day. *See id.* If the time period expires and no appeal has been filed, this decision becomes final. *See* 8 C.F.R. § 1003.38(d).

| CERTIFICATE OF SERVICE |
|---|
| **THIS DOCUMENT WAS SERVED BY:** MAIL (M)   PERSONAL SERVICE (P) |
| **TO:** ( ) ALIEN  (P) ALIEN c/o Custodial Officer  ( ) ALIEN'S ATT/REP  (P) DHS |
| **DATE:** 4/16/19   **BY COURT STAFF:** _Cpnice_ |
| **ATTACHMENTS:** ( ) EOIR-33  ( ) EOIR-28  ( ) Legal Services List  ( ) Other |